IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GASLAND PETROLEUM, INC. | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -against- | ) Cause No. 1:14-cv-597 (DNH/CFH) |
| | ) |
| FIRESTREAM WORLDWIDE, INC. | ) |
| | ) |
| Defendant. | ) |

**FIRESTREAM WORLDWIDE, INC.'S MEMORANDUM OF LAW
IN SUPPORT OF ITS MOTION TO DISMISS AMENDED COMPLAINT
FOR *FORUM NON CONVENIENS*** 

Lizabeth M. Conran
Missouri State Bar No. 49937
Admitted Limited *Pro Hac Vice*

GREENSFELDER, HEMKER & GALE, P.C.
10 South Broadway, Ste. 2000
St. Louis, MO 63102
Telephone: 314-241-9090
Fax: 314-241-4245
Email: lmc@greensfelder.com

James T. Potter
New York Bar No. 102383

HINMAN STRAUB, P.C.
121 State Street
Albany, NY 12207
Telephone: 618-436-0751
Fax: 518-436-4751
Email: jpotter@hinmanstraub.com

*Attorneys for Defendant
FireStream WorldWide, Inc.*

# **TABLE OF CONTENTS**

INTRODUCTION ...................................................................................................................1

BACKGROUND .....................................................................................................................2

ARGUMENT ...........................................................................................................................4

I. THE APPROPRIATE METHOD FOR ENFORCING A FORUM SELECTION CLAUSE IS A MOTION TO DISMISS FOR *FORUM NON CONVENIENS*, SUBJECT TO A STANDARD THAT GIVES CONTROLLING WEIGHT TO FORUM CLAUSES IN ALL BUT THE MOST EXCEPTIONAL CASES.......................4

II. THE FORUM SELECTION CLAUSE IN THIS CASE IS PRESUMPTIVELY ENFORCEABLE, AS IT WAS COMMUNICATED TO GASLAND, WAS MANDATORY, AND APPLIES TO ALL OF GASLAND'S CLAIMS ...........................4

III. GASLAND CANNOT OVERCOME THE PRESUMPTION OF ENFORCEABILITY FOR THE FORUM SELECTION CLAUSE, AS ENFORCEMENT OF THE CLAUSE IS NOT UNREASONABLE OR UNJUST ...........7

    A. THE FORUM SELECTION CLAUSE IN THE MASTER AGREEMENT WAS NOT THE RESULT OF FRAUD OR OVERREACHING .......................... 8

    B. THE LAW OF MISSOURI IS NOT FUNDAMENTALLY UNFAIR ................... 9

    C. ENFORCEMENT OF THE FORUM SELECTION CLAUSE DOES NOT CONTRAVENE THE PUBLIC POLICY OF MISSOURI ................................. 10

    D. TRIAL IN MISSOURI, AS THE FORUM CLAUSE REQUIRES, WILL NOT EFFECTIVELY DEPRIVE GASLAND OF ITS DAY IN COURT ......... 10

IV. GASLAND'S "NEW" CLAIM CONCERNING THE MAY 2014 SUPPORT AGREEMENT SHOULD BE REJECTED BECAUSE IT IS A BLATANT ATTEMPT TO EVADE THE MASTER AGREEMENT'S FORUM CLAUSE .............12

CONCLUSION......................................................................................................................13

In support of its Motion to Dismiss Amended Complaint for *Forum Non Conveniens*, FireStream WorldWide, Inc. ("FireStream") submits this memorandum of law.

## INTRODUCTION

Gasland Petroleum, Inc. ("Gasland") has twice attempted to evade a valid and enforceable forum selection clause designating Missouri as the proper forum for lawsuits by Gasland against FireStream. The Master Software License and Support and Services Agreement ("Master Agreement") entered between the parties on April 2012, which forms the basis for and governs the parties' relationship, includes a forum selection clause whereby Gasland explicitly agreed, without limitation, to bring *any* claims against FireStream in Missouri state courts and expressly waives the jurisdiction of any other court to hear the claims raised in this case. Nevertheless, after FireStream filed its Motion to Dismiss Gasland's original Complaint, Gasland manufactured a forth legal theory — based upon the same actions and damages as other legal theories in the Complaint — in an attempt to get around the forum clause. However, the new claimed breach of a May 2014 support agreement, while creative, is also subject to the broad forum clause in the Master Agreement, as the support agreement is merely an effort to reconcile alleged problems with services provided pursuant to the Master Agreement. To be sure, Gasland's new "claim" is nothing more than a thinly-veiled effort to evade a forum clause that designates suit in Missouri for *any* claims brought by Gasland against FireStream, which covers claims for contracts related to or in connection with the Master Agreement.

Because the forum selection clause at issue was communicated to Gasland, is mandatory, and covers all of the claims at issue in this case, it is presumptively enforceable. Moreover, Gasland cannot defeat this presumption of enforceability, as the forum clause was not the product of fraud, litigation in Missouri is not unfair, enforcement of the clause in Missouri does

1

not violate Missouri public policy, and proceeding in Missouri is not so inconvenient as to deprive Gasland of its day in court. Accordingly, this Court should enforce the forum clause and dismiss this entire action without prejudice to Gasland's refiling it in Missouri state court.

## BACKGROUND

FireStream is a technology and software company that works with midstream and downstream petroleum companies on software solutions. (Amd. Compl. ¶ 22.) FireStream is a Missouri corporation, with its principal place of business in St. Louis, Missouri. (*Id.* ¶ 3.)

In 2012, Gasland contacted FireStream concerning FireStream's software services. (*Id.* ¶ 22.) The parties communicated from early 2012 until April 2012 about Gasland's business. (*Id.* ¶¶ 22, 29, 52, 97, 105, 108, 114.) On April 17, 2012, Gasland and FireStream signed a Master Agreement concerning software services from FireStream to Gasland. (*Id.* ¶ 133.)

The Master Agreement contained two covenants critical to this Motion. Under Section 26.4, "FSWW [FireStream WorldWide, Inc.] and GLP [Gas Land Petroleum, Inc.] agree[d] that the courts of the State of Missouri will have *exclusive jurisdiction* and venue over *any suit, claim, or proceeding commenced against [FireStream] by [Gasland]* or any of [Gasland's] employees or subcontractors *regardless of the form of such action, whether in contract, warranty, or tort.*" (*Id.* Ex. F § 26.4 (emphasis added).) Through Section 26.4, Gasland also expressly "consent[ed] to the jurisdiction of the courts of the State of Missouri over the subject matter and parties," and explicitly "waive[d] its . . . rights, if any, to invoke the jurisdiction or venue of any other court, for any such suit, claim, or proceeding."[1] (*Id.* Ex. F § 26.4.) Finally,

---

[1] Notably, Section 26.4 is reciprocal in nature — should FireStream bring a claim against Gasland, the "courts of the State of New York" have exclusive jurisdiction. (Amd. Compl. Ex. F § 26.4.) The reciprocal nature of the clause was a result of changes requested by Gasland. (Turner Declaration ¶¶ 3-5.)

1497903                                             2

the Master Agreement included a choice of law provision, stating that it "is governed by and construed in accordance with the laws of the State of Missouri." (*Id.* Ex. F § 26.3.)

Ignoring the forum clause in the Master Agreement, Gasland filed a three-count complaint against FireStream in the United States District Court for the Northern District of New York on May 20, 2014. (Dkt. 1 ¶¶ 195, 207, 211.) In its original Complaint, Gasland alleged that it had not been provided with a working software system pursuant to the Master Agreement. (*Id.* ¶ 177.) All of the initial claims in the Complaint concerned the Master Agreement: Gasland sought damages for breach of the Master Agreement and misrepresentation, and fees for bringing suit. (*Id.* ¶¶ 195, 207, 211.) On July 22, 2014, FireStream filed its Motion to Dismiss for *Forum Non Conveniens*, seeking to enforce the forum clause mandating suit in Missouri. (Dkt. 12.)

Faced with an ironclad forum clause requiring suit in Missouri, Gasland has now filed an Amended Complaint, adding a fourth claim to its original three-count Complaint for breach of a May 2014 technical services agreement, all in an effort to sidestep the forum clause. (Amd. Compl. ¶ 212-21.) But as Gasland admits in the Amended Complaint, this new claim relates to an "effort to try and work things out" and "provide Gasland with the proper working system/program," per the services of the Master Agreement. (*Id.* ¶ 213.) As such, Gasland's new claim falls under the scope of the forum clause in the Master Agreement, which extends to any claim brought by Gasland against FireStream, including those claims related to the Master Agreement. And even if it were not related to the Master Agreement, which it clearly is, the forum selection clause encompasses *"any"* lawsuit brought by Gasland against FireStream. Accordingly, FireStream now files its Motion to Dismiss the Amended Complaint for *Forum Non Conveniens*, again seeking to enforce the forum selection clause between the parties.

## ARGUMENT

### I. THE APPROPRIATE METHOD FOR ENFORCING A FORUM SELECTION CLAUSE IS A MOTION TO DISMISS FOR *FORUM NON CONVENIENS*, SUBJECT TO A STANDARD THAT GIVES CONTROLLING WEIGHT TO FORUM CLAUSES IN ALL BUT THE MOST EXCEPTIONAL CASES.

"[T]he appropriate way to enforce a forum selection clause pointing to a state or foreign forum is through the doctrine of *forum non conveniens*." *Atl. Marine Constr. Co., Inc. v. United States Dist. Court for the W. Dist. of Texas*, 134 S.Ct. 568, 580 (2013). In a typical case involving a motion to dismiss on *forum non conveniens* grounds, the district court examines the "convenience of the parties and various public-interest considerations," and then weighs those factors and decides "whether, on balance, a transfer would serve the convenience of the parties and witnesses and otherwise promote the interest of justice." *Id.* at 581. However, for a motion to dismiss on *forum non conveniens* grounds involving a forum selection clause, the "calculus changes" — the "plaintiff's choice of forum merits no weight," and the court "should not consider arguments about the parties' private interests" because the parties have "waive[d] their right to challenge the preselected forum as inconvenient or less convenient for themselves or their witnesses, or for their pursuit of the litigation." *Id.* at 581-82. In the end, the forum clause should be "given controlling weight in all but the most exceptional cases." *Id.* at 581.

### II. THE FORUM SELECTION CLAUSE IN THIS CASE IS PRESUMPTIVELY ENFORCEABLE, AS IT WAS COMMUNICATED TO GASLAND, WAS MANDATORY, AND APPLIES TO ALL OF GASLAND'S CLAIMS.

To enforce a forum selection clause, the movant must demonstrate that the forum clause "was reasonably communicated to the party resisting enforcement," that the clause "was mandatory and not merely permissive," and that the "claims and parties involved in the suit are subject to the forum selection clause." *Tropp v. Corp. of Lloyd's*, 385 Fed. App'x 36, 37 (2d Cir.

2009).[2] Here, FireStream can show that the forum selection clause was not only communicated to Gasland, but that it was a specifically negotiated provision of the Master Agreement, that it is mandatory, and that it applies to all of the claims filed by Gasland against FireStream, including Gasland's eleventh hour, amended claim concerning the May 2014 technical services agreement. As such, the forum selection clause is presumptively enforceable.

*First*, under Missouri law, the forum selection clause here was reasonably communicated to FireStream. The forum clause was not buried in a footnote to the contract or alluded to vaguely by reference; rather, it was explicitly put forth in Section 26.4 of the Master Agreement. (Amd. Compl. Ex. F § 26.4.) Missouri law is clear that, so long as a provision is included in the contract and the resisting party signed the agreement, that party has knowledge of the provision. *See, e.g., Chochorowski v. Home Depot U.S.A.*, 404 S.W.3d 220, 228 (Mo. banc 2013) ("A signer's failure to read or understand a contract is not, without fraud or the signer's lack of capacity to contract, a defense to the contract."); *Dorsch v. Family Med., Inc.*, 159 S.W.3d 424, 436 (Mo. Ct. App. 2005) ("[T]he law presumes that [a party] had knowledge of the contents of [the] contract when he signed it."). Because the forum clause was included in the Master Agreement and Gasland signed the Master Agreement, it was communicated to Gasland.

Even if that were not enough — which it is under well-settled law — the forum clause here was negotiated by the parties. Indeed, at Gasland's request, FireStream agreed to modify its standard agreement, which provides that Missouri courts have exclusive jurisdiction over any lawsuit commenced between the parties. The modification was to allow for the reciprocal clause

---

[2] Where the forum clause is contained in a contract with a choice-of-law provision, these issues are governed by the law specified in the contract. *See Martinez v. Bloomberg LP*, 740 F.3d 211, 223-24 (2d Cir. 2014) ("[I]nterpretive questions — questions about the meaning and scope of a forum selection clause — are resolved under the substantive law designated in an otherwise valid contractual choice of law clause."). The Master Agreement in this case is governed by "the laws of the State of Missouri," and thus Missouri law applies. (Amd. Compl. Ex. F § 26.3.)

1497903                                        5

reflected in the Master Agreement, which gives exclusive jurisdiction to Missouri courts for lawsuits brought by Gasland against FireStream, but gives New York courts exclusive jurisdiction over lawsuits brought by FireStream against Gasland. (Turner Declaration ¶¶ 3-5.)

***Second***, the forum selection clause in this case is mandatory. The Master Agreement states that the "courts of the State of Missouri will have ***exclusive*** jurisdiction" over any claims filed by Gasland against FireStream, and that Gasland and its employees "consent to the jurisdiction of the courts of the State of Missouri over the subject matter and parties," and "***waive its and their rights, if any, to invoke the jurisdiction or venue of any other court.***" (Amd. Compl. Ex. F § 26.4 (emphasis added).) Missouri courts have found that forum clauses using the word "exclusive" compel litigation in the named tribunal, and must be enforced. *See, e.g., Burke v. Goodman*, 114 S.W.3d 276, 279-80 (Mo. Ct. App. 2003) (forum clause stating that the "exclusive venue" was Florida should be enforced); *State ex rel. J.C. Penney Corp. v. Schroeder*, 108 S.W.3d 112, 113-14 (Mo. Ct. App. 2003) (contract stating that the parties submitted to the "exclusive jurisdiction" of a tribunal was one "requiring litigation" to take place in that tribunal); *Whelen Sec. Co., Inc. v. Allen*, 26 S.W.3d 592, 596 (Mo. Ct. App. 2000) ("Inbound forum selection clauses which designate Missouri or a particular court within the State of Missouri as the exclusive forum in which to bring actions are enforceable if the clauses are not unfair and are not unreasonable."). Here, the forum clause provides that Missouri courts will have exclusive jurisdiction over claims filed by Gasland, and therefore the clause qualifies as mandatory.

***Finally***, the forum selection clause in this case, by its plain terms, applies to "***any suit, claim, or proceeding*** commenced against FSWW [FireStream WorldWide, Inc.] by GLP [Gas Land Petroleum, Inc.] . . . ***regardless of the form of such action, whether in contract, warranty, or tort.***" (Amd. Compl. Ex. F § 26.4 (emphasis added).) In construing restrictive contract

provisions, Missouri courts have given effect to broad clauses which extend to any claims. *See Kansas City Urology, P.A. v. United Healthcare Servs.*, 261 S.W.3d 7, 11 (Mo. Ct. App. 2008) (arbitration clause requiring parties to arbitrate "any disputes about their business relationship" applied to all disputes, and not only those disputes involving the contract); *see also Raydiant Tech., LLC v. Fly-N-Hog Media Group, Inc.*, — S.W.3d —, 2014 WL 1010195, at *1-2 (Mo. Ct. App. Mar. 17, 2014) (forum clause covering "all actions or proceedings arising in connection with this Agreement" applied to both breach of contract and fraud in the inducement claims).

Like the clause in *Kansas City*, the Master Agreement's reference to "any suit, claim, or proceeding" raised by Gasland against FireStream easily covers the breach of contract, misrepresentation, and attorney's fees claims at issue in this case, as well as Gasland's claim concerning the May 2014 support services agreement. Given the breadth of the forum clause, FireStream does not even need to show that the support agreement was related to the Master Agreement for that claim to be covered under the forum selection clause. That said, FireStream can establish a relationship between the two agreements — the May 2014 support agreement clearly arose from the initial business relationship established in the Master Agreement, and by Gasland's admission concerned an "effort to try and work things out" and "provide Gasland with the proper working system/program" from the Master Agreement. (Amd. Compl. ¶ 213.)

Because the forum clause in the Master Agreement was reasonably communicated to Gasland, was mandatory, and covers the claims at issue, the clause is presumptively enforceable.

### III. GASLAND CANNOT OVERCOME THE PRESUMPTION OF ENFORCEABILITY FOR THE FORUM SELECTION CLAUSE, AS ENFORCEMENT OF THE CLAUSE IS NOT UNREASONABLE OR UNJUST.

Because FireStream has shown that the forum clause was communicated to Gasland, was mandatory, and applies to the claims here, the clause is presumptively enforceable, and the burden shifts to Gasland to show "that enforcement would be unreasonable or unjust." *Phillips*

*v. Audio Active Ltd.*, 494 F.3d 378, 383-84 (2d Cir. 2007).[3] To establish that a clause is unreasonable, Gasland must demonstrate that "its incorporation was the result of fraud or overreaching," that "the law to be applied in the selected forum is fundamentally unfair," that "enforcement contravenes a strong public policy of the forum state," or that "trial in the selected forum will be so difficult and inconvenient that the plaintiff effectively will be deprived of his day in court." *Id.* at 392. "[T]hese [are] the only four ways to rebut the presumption of enforceability." *Martinez v. Bloomberg LP*, 883 F. Supp. 2d 511, 521 (S.D.N.Y. 2012).

Critically, a plaintiff attempting to show that a forum selection clause is unenforceable bears a heavy burden, as the interests of justice are best served by "holding parties to their bargain" and enforcing forum selection clauses, except in "the most unusual cases." *Atlantic*, 134 S.Ct. at 583; *see also Roby v. Corp. of Lloyd's*, 996 F.2d 1353, 1363 (2d Cir. 1993) ("The Supreme Court has construed this exception narrowly."). In the end, the "burden is on the plaintiff, who opted to bring suit in a forum other than the one required by the forum selection clause, to make a strong showing in order to overcome the presumption of enforceability." *Longo v. FlightSafety Int'l, Inc.*, — F. Supp. 2d —, 2014 WL 880410, at *3 (E.D.N.Y. Mar. 6, 2014). Given the circumstances here, which do not qualify as a "most unusual case," Gasland cannot meet this burden and the forum selection clause should be enforced.

### A. THE FORUM SELECTION CLAUSE IN THE MASTER AGREEMENT WAS NOT THE RESULT OF FRAUD OR OVERREACHING.

In its Amended Complaint, Gasland does not allege that the forum selection clause was included in the Master Agreement due to fraud or overreaching. While the Amended Complaint includes a misrepresentation claim relating to the Master Agreement as a whole, the mere presence of a misrepresentation or fraudulent inducement claim does not render the forum clause

---

[3] Regardless of the presence of a choice-of-law clause, "questions of enforceability [of a forum selection clause] are resolved under federal law." *Martinez*, 740 F.3d at 223-24.

unenforceable. Under federal law, a forum clause is unenforceable on fraud grounds only if the "inclusion of *that clause* in the contract was the product of fraud." *Scherk v. Alberto-Culver Co.*, 417 U.S. 506, 591 n. 14 (1974) (emphasis added). In other words, if a party was not "fraudulently induced to specifically agree to the forum selection clause," the clause was not the result of fraud, and the clause is enforceable. *Luvata Buffalo, Inc. v. MOL Mitsui O.S.K.*, No. 08-CV-0701, 2010 WL 5779411, at *5 (W.D.N.Y. July 28, 2010); *see also Stamm v. Barclays Bank of New York*, 960 F. Supp. 724, 729 (S.D.N.Y. 1997) ("A claim of fraud in the inducement of a contract is insufficient to invalidate a forum selection or choice-of-law clause found in that contract. Rather, it is the inclusion of those specific clauses plaintiffs seek to avoid that must have been induced by fraud."). Here, there is no indication that Gasland was fraudulently induced into agreeing to the forum clause. Indeed, it is quite the opposite — Gasland negotiated for the reciprocal forum selection clause at issue in this case. (*See* Turner Declaration ¶¶ 3-5.)

### B.  THE LAW OF MISSOURI IS NOT FUNDAMENTALLY UNFAIR.

In determining whether the law to be applied in the selected forum is fundamentally unfair, the court looks to whether the "application of the [selected] law presents a danger that [plaintiff] will be deprived of *any* remedy or treated unfairly." *Roby*, 996 F.2d at 1363 (emphasis added); *see also Base Metal Trading Ltd. v. Russian Aluminum*, 98 Fed App'x 47, 50 (2d Cir. 2004) (only "where the remedy provided by the alternative forum is so clearly inadequate or unsatisfactory that it is no remedy at all should a district court" find that the "alternative forum is inadequate"). Here, there is nothing to suggest that Gasland will be deprived of a remedy should a Missouri state court hear this case. To be sure, a Missouri forum is more than fair, as Missouri law applies to the contract at issue in this case under the Master Agreement's choice of law provision. *See Luvata*, 2010 WL 5779411, at *6 (Japanese forum not unfair partly because Japanese law applied under the contract's choice-of-law provision); *Younis*,

30 F. Supp. 2d at 395 (argument that Egyptian forum was inadequate was flawed partly "because this Court almost surely would apply Egyptian law even if it retained this case").

### C. ENFORCEMENT OF THE FORUM SELECTION CLAUSE DOES NOT CONTRAVENE THE PUBLIC POLICY OF MISSOURI.

Gasland does not suggest anywhere in its Amended Complaint that enforcement of the forum selection clause would contravene the public policy of Missouri, nor could it. The Supreme Court of Missouri has held that forum selection clauses are enforceable "so long as [enforcement] is neither unfair nor unreasonable." *High Life Sales Co. v. Brown-Forman Corp.*, 823 S.W.2d 493, 497 (Mo. banc 1992) Accordingly, courts within the Second Circuit have found that enforcement of a Missouri forum clause does not contravene Missouri public policy. *See Zurich Ins. Co. v. Prime, Inc.*, 419 F. Supp. 2d 384, 387 (S.D.N.Y. 2005) (rejecting as "error" plaintiff's assertion that enforcement of the forum clause "violates Missouri public policy," as the "Supreme Court of Missouri has joined the majority of jurisdictions in the United States that recognize the validity of freely negotiated forum selection clauses"). Any argument that enforcement of the forum clause violates public policy should be rejected.

### D. TRIAL IN MISSOURI, AS THE FORUM CLAUSE REQUIRES, WILL NOT EFFECTIVELY DEPRIVE GASLAND OF ITS DAY IN COURT.

While Gasland may argue that it would be more convenient for it to litigate this case in New York, mere claims of inconvenience are insufficient to override a forum selection clause. To establish that a forum selection clause is unenforceable, Gasland will have to show that litigation in Missouri would be "so difficult and inconvenient that the plaintiff effectively will be deprived of his day in court." *Audio Active*, 494 F.3d at 392. To show that it will be deprived of its day in court, Gasland must demonstrate that "litigation in [the designated forum] . . . is impossible," that any difficulties put forth by Gasland are more than "the obvious concomitants

of litigation [in a foreign forum]," and that the difficulties asserted by Gasland "were not foreseeable when [Gasland] agreed to litigate in [Missouri]." *Id.* at 393.

Gasland will likely argue that the case should be litigated in New York due to the travel time of parties and witnesses from New York to Missouri. This argument should be rejected for three reasons. ***First***, one of the parties and half of the witnesses in this case are located in Missouri. ***Second***, mere distance between a designated forum and some of the parties does not render a forum inconvenient, so long as the designated forum is accessible. *See, e.g., Audio Active*, 494 F.3d at 393 (forum clause was reasonable despite fact that litigation in England would be "more costly or difficult," as it was not "impossible"); *Effron v. Sun Line Cruises, Inc.*, 67 F.3d 7, 10-11 (2d Cir. 1995) (forum clause mandating suit in Greece was reasonable despite the fact that parties and witnesses are located in the United States, as Greece was accessible "in a few hours of air travel"); *Brooks v. Batesville Casket Co., Inc.*, No. 3:11-cv-731, 2011 WL 3837089, at *5 (D. Conn. Aug. 30, 2011) (rejecting argument that expense and distance from Connecticut to Indiana rendered forum selection clause unreasonable, as "the distance between Connecticut and Indiana is not so significant that pursuing . . . claims will be impossible"). ***Finally***, Gasland agreed to litigate its claims in Missouri, was aware of travel costs at the time it signed the Master Agreement, and cannot now use those costs as a basis to evade the forum clause after the fact. *See, e.g., Audio Active*, 494 F.3d at 393 (rejecting inconvenience and costs arguments related to forum selection clause because those hardships were "foreseeable when [plaintiff] agreed to litigate in England"); *Brooks*, 2011 WL 3837089, at *6 (forum selection clause was enforceable as litigant was "aware of the potential costs of pursuing claims against [defendant] in [the designated forum]"). In sum, there is simply no support for the idea that litigation in Missouri would be so inconvenient as to deprive Gasland of its day in court.

## IV. GASLAND'S "NEW" CLAIM CONCERNING THE MAY 2014 SUPPORT AGREEMENT SHOULD BE REJECTED BECAUSE IT IS A BLATANT ATTEMPT TO EVADE THE MASTER AGREEMENT'S FORUM CLAUSE.

As laid out above, Gasland's new claim for breach of the May 2014 support agreement is clearly subject to the broad forum clause, as the clause covers *"any suit, claim, or proceeding commenced against [FireStream] by [Gasland]."* (Amd. Compl. Ex. F § 26.4 (emphasis added).) As a related but independent basis for dismissing this case, Gasland's effort to avoid dismissal should be rejected as a naked attempt to evade that forum clause. In this vein, federal courts have taken a dim view of attempts by plaintiffs to artfully plead around a forum selection clause. *See, e.g., Business Integration Tech., Inc. v. MuleSoft, Inc.*, No. 4:10-cv-2185, 2011 WL 4345723, at *5-6 (E.D. Mo. Sept. 16, 2011) (transferring case and rejecting argument born from amended complaint that forum clause in agreement did not apply to post-agreement claims, as the forum clause was broad and the agreement "encompassed all aspects of the relationship between the parties," including "purchase of a MuleSoft product" and "concurrent support"); *Russbeer Int'l LLC v. OAO Baltika Brewing Co.*, No. 07-CV-1212, 2008 WL 905044, at *4-5 (E.D.N.Y. Mar. 31, 2008) (rejecting effort by plaintiff to "plead around" a primary agreement's forum clause by asserting a contract claim on a subsequent agreement, and noting that the "wording of the forum selection clause [was] broad enough to encompass" all claims).

Like the plaintiffs in *Mulesoft* and *Russbeer*, Gasland is clearly attempting to evade the broad language of the forum selection clause in the Master Agreement by artfully adding the new May 2014 breach of contract claim. This claim concerns facts that Gasland was aware of when it filed its original Complaint and it came on the heels of FireStream's original motion to dismiss. Accordingly, Gasland's Amended Complaint should be dismissed.

## CONCLUSION

The forum clause designating Missouri as the appropriate forum for the claims raised here should be enforced. For one, the forum clause is presumptively enforceable, as it was reasonably communicated to Gasland, was negotiated by the parties, was mandatory, and applies to any claims by Gasland against FireStream, including the "new" May 2014 claim concerning a tag-along technical support agreement. Gasland's eleventh-hour attempt to amend the Complaint to include the technical support claim should be seen for what it is — an obvious attempt to evade the forum selection clause and its presumption of enforceability. This effort should fail because the broad forum selection clause at issue in this case covers any claims, including subsequent claims related to the Master Agreement. To be sure, federal courts are hostile to efforts by plaintiffs to artfully plead around a forum clause dismissal via an amended complaint.

In addition, the presumption of enforceability cannot be rebutted by Gasland. The forum clause was not the product of fraud, litigation in Missouri is not fundamentally unfair, enforcement of the clause in Missouri would not violate that state's public policy, and litigation in Missouri is not so inconvenient as to deprive Gasland of its day in court. Accordingly, the Court should grant FireStream's Motion to Dismiss Amended Complaint for *Forum Non Conveniens*, and dismiss this case without prejudice to Gasland's refiling in Missouri state court.

Dated this 12th day of September, 2014.

Lizabeth M. Conran
Missouri State Bar No. 49937
Admitted Limited *Pro Hac Vice*

_____
GREENSFELDER, HEMKER & GALE, P.C.
10 South Broadway, Ste. 2000
St. Louis, MO 63102
Telephone: 314-241-9090
Fax: 314-241-4245
Email: lmc@greensfelder.com

James T. Potter
New York Bar No. 102383

HINMAN STRAUB, P.C.
121 State Street
Albany, NY 12207
Telephone: 618-436-0751
Fax: 518-436-4751
Email: jpotter@hinmanstraub.com

*Attorneys for Defendant
FireStream WorldWide, Inc.*